Filed 1/11/21  P. v. Delacruz CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALESSIO DELACRUZ,<br><br>    Defendant and Appellant. | D077253<br><br><br><br>(Super. Ct. No. SCD280421) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After a bench trial, the court found Alessio Delacruz guilty of attempted oral copulation of a child under the age of 14 years (Pen. Code,[1] §§ 288.7, subd. (b) and 664) and committing a lewd act on a child under the age of 14 years (§ 288, subd. (a)).  Delacruz was sentenced to a determinate

---

[1]     All further statutory references are to the Penal Code.

term of nine years in prison. The court also imposed various fines, fees, and assessments.

Delacruz filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Delacruz the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The incident in this case took place when Delacruz's family returned from an outing. Two of Delacruz's nieces stayed at the house and the girls slept in Delacruz's room where there were bunkbeds.

Delacruz came to the bed of one girl and attempted to get her to touch his exposed penis. The girl cried. The child called for her mother. She later told her mother Delacruz told her to suck his private. A confrontation between Delacruz and the girl's father took place. Delacruz appeared drunk and denied doing anything to the child.

The prosecution also produced a witness who said Delacruz tricked him into oral copulation when he was nine years old.

Delacruz testified in his defense. He said he had been drinking heavily on the day of the incident and has no recollection of trying to molest the child and denied he tried to force her to orally copulate him.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether the court used the wrong burden of proof in its instructions;

2. Whether the trial court erred in admitting evidence of a prior molestation; and

3. Whether the trial court erred in imposing the upper term.

We have reviewed the entire record as mandated by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Delacruz on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


GUERRERO, J.

3